# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-0997V
### UNPUBLISHED

| | |
|---|---|
| AMMAR HALLOUM,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 19, 2023<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jessi Carin Huff, Maglio Christopher & Toale (WA), Seattle, WA,* for Petitioner.

*James Vincent Lopez, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON JOINT STIPULATION[1]

  On August 10, 2020, Ammar Halloum filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), which meets the Table definition, after receiving the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine in his left deltoid[3] on June 9, 2019. Petition at ¶¶ 2, 16-17; Stipulation, filed at Jan. 18, 2023, ¶¶ 1-2, 4. Petitioner further alleges that he received the Tdap vaccine within the United States, that he suffered the residual effects of his SIRVA injury for more than six months, and that neither he nor any other individual has filed a civil action or received compensation for his SIRVA injury. Petition

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner acknowledged that he also received a Shingles vaccine in his left deltoid. Petition at ¶ 2. And it appears Petitioner received a Pneumovax 23 vaccine, presumedly in his right deltoid. Exhibit 1 at 8 (vaccine record).

at ¶¶ 2, 18, 20-21; Stipulation at ¶¶ 3-5. "Respondent denies that [P]etitioner sustained a SIRVA Table injury; denies that the vaccine caused [P]etitioner's alleged shoulder injury, or any other injury; and denies that his current condition is a sequela of a vaccine-related injury." Stipulation at ¶ 6.

Nevertheless, on January 18, 2023, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award $89,711.62 as follows:**

1. **A lump sum payment of $80,000.00 in the form of a check payable to Petitioner; and**

2. **A lump sum payment of $9,711.62, representing reimbursement of a Medicaid lien for services rendered to Petitioner by the State of Arizona/Mercy Care Plan, in the form of a check payable jointly to Petitioner and the Equian, and mailed to:**

> Equian
> PO Box 182643
> Columbus, OH 43218
> Event # 54968452.

Stipulation at ¶ 8. Petitioner agrees to endorse the check to the Equian for satisfaction of the Medicaid lien. These amounts represent compensation for all items of damages that would be available under Section 15(a). *Id.*

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<div style="text-align:right">

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

</div>

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| AMMAR HALLOUM,<br><br>           Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>           Respondent. | No. 20-997V<br>Chief Special Master Corcoran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Ammar Halloum ("petitioner"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the Tdap vaccine on June 9, 2019, in his left arm.[1]

3. The vaccine was administered within the United States.

4. Petitioner alleges that he sustained a shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table, or in the alternative, that his alleged shoulder injury was caused-in-fact by the vaccination. He further alleges that he experienced the residual effects of this condition for more than six months.

---

[1] Petitioner also received the Shingrix and Pneumovax 23 vaccines on June 9, 2019, which are not contained in the Table.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his alleged injury.

6. Respondent denies that petitioner sustained a SIRVA Table injury; denies that the vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that his current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

    A.      A lump sum of **$80,000.00** in the form of a check payable to petitioner; and

    B.      A lump sum of **$9,711.62**,[2] representing reimbursement of a Medicaid lien for services rendered to petitioner by the State of Arizona/Mercy Care Plan, in the form of a check payable jointly to petitioner and Equian:

> Equian
> PO Box 182643
> Columbus, OH 43218
> Event # 54968452

Petitioner agrees to endorse this check to Equian.

---

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arizona or the Mercy Care Plan may have against any individual as a result of any Medicaid payments the State of Arizona has made to or on behalf of Ammar Halloum as a result of his alleged vaccine-related injury suffered on or about June 9, 2019, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns,

3

DocuSign Envelope ID: 045F2504-8395-41CD-BC62-F2C60518C597

does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccinations administered on June 9, 2019, as alleged in a petition for vaccine compensation filed on or about August 10, 2020, in the United States Court of Federal Claims as petition No. 20-997V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged injury or any other injury or his current disabilities, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

<div style="text-align:center">END OF STIPULATION</div>

Respectfully submitted,

**PETITIONER:**

*Ammar Halloum*
AMMAR HALLOUM

**ATTORNEY OF RECORD FOR PETITIONER:**

*Jessi Huff*
JESSI C. HUFF
Maglio Christopher & Toale
1325 4th Ave. Suite 1730
Seattle, WA 98101
Tel: (888) 952-5242
Email: jhuff@mctlaw.com

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

*Heather Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14
Digitally signed by George R. Grimes -S14
Date: 2022.12.29 16:03:18 -05'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 1/18/23

**ATTORNEY OF RECORD FOR RESPONDENT:**

*James Lopez*
JAMES V. LOPEZ
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3655
Email: james.lopez@usdoj.gov