# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-0997V

|  |  |  |
|---|---|---|
| AMMAR HALLOUM, | | |
| | Petitioner, | Chief Special Master Corcoran |
| v. | | |
| | | Filed: December 20, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | | |
| | Respondent. | |

*Jessi Carin Huff, Maglio Christopher & Toale (WA), Seattle, WA, for Petitioner.*

*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 10, 2020, Ammar Halloum filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration which meets the Table definition, after receiving the tetanus, diphtheria, acellular pertussis vaccine in his left deltoid[3] on June 9, 2019.Petition, ECF No. 1. On

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Petitioner acknowledged that he also received a Shingles vaccine in his left deltoid. Petition at ¶ 2. And it appears Petitioner received a Pneumovax 23 vaccine, presumedly in his right deltoid. Exhibit 1 at 8 (vaccine record).

January 19, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 58.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $110,294.34 (representing $107,805.90 in fees plus $2,488.44 in costs). Petitioner's Application for Fees and Costs ("Motion") filed July 10, 2023, ECF No. 63. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. ECF No. 63-4. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 63-3.

Respondent reacted to the motion on July 12, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be July 17, 2023, Petitioner filed a reply requesting an award of fees and costs as indicated in the motion. ECF No. 65.

I have reviewed the billing records submitted with Petitioner's request. Because Petitioner succeeded in this matter, his entitlement to fees cannot be disputed – but the fees incurred must still be *reasonable.* Here, the magnitude of the fees sought is facially high, especially compared to SPU cases generally. The specific circumstances of this case, and the nature of the injury at issue, may explain this discrepancy to some extent. And the total amount received by Petitioner was significant as well – this is not a matter in which there is a disparity between the claimant's award and fees to be paid. Nevertheless, the sum is large, and counsel should take care in future SPU cases to avoid incurring fees of this size.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$110,294.34 (representing $107,805.90 in fees plus $2,488.44 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. Per Petitioner's request, the check is to be forwarded to Maglio Christopher & Toale Law 1605 Main Street, Suite 710, Sarasota Florida 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
